[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM REGARDING DEFENDANT'S MOTION TO DISMISS 
The defendants by Motion dated August 16, 1999 moves to dismiss the above action for plaintiff's failure to comply with Practice Book § 10-29. The plaintiffs complaint seeks, inter alia, to foreclose a certain mortgage deed securing real property CT Page 13569 in Meriden, Connecticut. The complaint citing § 141 of the Connecticut Practice Book, now § 10-29 designated certain-relevant documents as Exhibit A, Exhibit B, and Exhibit C but did not affix these documents to the true an attested copy of the original writ, summon and complaint served on the defendants on June 9, 1999. Although the defendants appeared in this matter on June 14, 1999, the plaintiffs did not serve a copy of such exhibits forthwith upon receipt of Notice of the defendants appearance nor did plaintiffs file the original or a copy of such exhibits in court with proof of service on each appearing party as ordained by said § 10-29.
Defendants contend noncompliance with § 10-29 of the Practice Book constitutes insufficient process because a part of the complaint was not served on the defendants and because Connecticut General Statutes § 52-57 requires that a true and attested copy of the complaint be served upon the defendants.
On or about August 20, 1999 the plaintiff filed the subject exhibits in court and certified that copies were forwarded to all appearing parties.
Plaintiff has objected to the Motion To Dismiss asserting that the Motion is untimely because the Motion dated August 16, 1999 since it was not filed within 30 days of their appearances dated June 14, 1999 as is required under § 10-30 of the Practice Book. Defendants also notes that defendants cite no authority in support of their claim that a plaintiffs failure to comply strictly with § 10-29 is grounds for dismissal.
Plaintiffs cites two Superior Court cases which have held that a plaintiffs failure to comply with the provisions of Practice Book § 10-29 is not grounds for dismissal and may be remedied by filing and serving the exhibits at a later date. HomeCheck Real Services v. Belmont CV-98-0332824; 1999 WL at 1-2 (Conn.Super. January 8, 1999) and Mills v. Pettet, 6 Conn. L. Rptr 563 1992 WL 139741 at 2 (Conn. Super June 10, 1992). Both cases found a similar defect circumstantial and insubstantial causing no prejudice to the defendants in cases where as here the complaint gave sufficient notice to the defendant and where each exhibit was actually signed by one of the defendants on behalf of two of the other defendants.
Accordingly the plaintiffs objection is sustained. CT Page 13570
By the Court
Dorsey, J. Judge Trial Referee